ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civ. File No. 02-0337 ADM/AJB

MINNESOTA LABORERS HEALTH AND WELFARE FUND; MINNESOTA LABORERS PENSION FUND; MINNESOTA LABORERS VACATION FUND; CONSTRUCTION LABORERS' EDUCATION AND TRAINING FUND OF MINNESOTA AND NORTH DAKOTA; MINNESOTA LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST,

Plaintiffs,

vs.

KRAHNCRETE, INC., and DANIEL KRAHN, individually,

Defendants.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

This matter was heard before the undersigned on the 19th day of April, 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on February 7, 2002.

2. Defendant Krahncrete, Inc. ("Krahncrete") and Daniel Krahn were served with a Summons and Complaint in this matter on February 7, 2002.

3. Defendants have failed to file and serve an Answer to the Summons and Complaint.

FILED APR 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 19 2002
DEPUTY CLERK

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439, as the administrative agent designated by the Trustees.

5. Defendant Krahncrete, Inc. accepted and agreed to be bound by certain a Collective Bargaining Agreement with the Laborers District Council of Minnesota. The Agreement obligates Defendant, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6. Defendant submitted the reports for the months of May through November 2001, but failed to timely pay the contributions owing. According to the reports submitted by Defendant, fringe benefit contributions are owing in the amount of $12,036.00.

7. The Collective Bargaining Agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions known to be owing at this time for the months of May through November 2001 is $1,203.60.

8. In addition, the December 2001, January and February 2002 reports and contributions are due.

9. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

10. Defendant Krahn, is the sole owner and shareholder of the corporate entity Krahncrete, Inc. At all times material herein, the corporation was undercapitalized.

11. Defendant Krahn defrauded the Funds through his promises to remit specific payments to the Funds out of money to be received on an account, and through his submission of checks intentionally drawn upon account, known by Krahn to lack sufficient funds to cover said checks.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant Krahn is personally liable for the debts of Defendant corporation Krahncrete, Inc.

3. Defendants owe at least $12,036.00 in fringe benefit contributions for the months of May through November 2001.

4. Defendant owes at least $1,203.60 in liquidated damages for the months of May through November 2001.

5. Defendants must submit payroll forms and pay the contributions for which Defendants are delinquent.

6. Upon submission of the reports, Plaintiffs are additionally entitled to a money judgment for their reasonable attorney fees and costs incurred in the prosecution of their claims against Defendants.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Plaintiffs shall have judgment, joint and several against Defendants Krahncrete, Inc. and Daniel Krahn in the amount of $13,239.60.

3. That Defendants file the report for December 2001, January and February 2002, and all other months that become due, at the offices of Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439, correctly identifying hours worked by laborers and the last known addresses of its employees pursuant to the Collective Bargaining Agreement within 5 days of service of this Order upon them.

4. That Defendants pay the contributions of all of the hours reported pursuant to the Court's Order plus interest and liquidated damages in the amount of 10% of the delinquent contributions.

5. That upon the filing of the report by Defendants with Plaintiffs pursuant to this Order, if Defendants fail to make payments required by this Order, the Plaintiffs may move the Court for entry of judgment in the amount of unpaid contributions and liquidated damages as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and Affidavit on Defendants.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 19, 2002

BY THE COURT

Ann D. Montgomery
Judge of District Court

81505